No. 14,529.

Devereux, Trustee v. Sperry et al.
(89 P. [2d] 532)

Decided March 27, 1939. Rehearing denied April 17, 1939.

Messrs. NOURSE & DUTCHER, for plaintiff in error.

Messrs. STONE, PORTER & STEWART, for defendant in error Sperry.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFFS in error were interveners below in an attachment proceeding brought by defendant in error Sperry to reach certain machinery allegedly owned by defendant in error the Consolidated Metals Mining Company, a Kansas corporation, operating a mine in Colorado. Sperry had judgment for $975, which we are asked to reverse on application for supersedeas.

The pleadings are unnecessarily involved and somewhat confusing, but the facts and the law applicable thereto are relatively simple. The parties, other than the Consolidated Metals Mining Company herein designated as the company, will be mentioned by name.

In 1930, Sperry and two associates owned some mining claims in Gunnison county. Sperry became acquainted with Devereux, one of the plaintiffs in error, who financed Miller in organizing the company in Kansas, to which organization Devereux contributed about $1,000 and Schafer, about $2,500. In consideration of the conveyance of the mining claims to the company, Sperry and his associates received fifty-one per cent of the stock in the company.

A substantial part of the money raised apparently was used to purchase the machinery involved in this suit.

Sperry was chosen vice president and appointed superintendent of the mining venture, which the company was organized to promote, at a salary alleged to be $200 a month. He received for such services a total sum of about $1,200, and was in charge of the property in Colorado, the other parties living in Kansas. The venture did not turn out well and there was considerable correspondence between Devereux and Sperry as to what should be done, of which the following is a part.

"El Dorado, Kansas,
"March 31, 1934.

"Mr. Guy C. Sperry
"Paonia, Colo.

"Dear Mr. Sperry:

"Well at last I have things shaped around so that we can go ahead with our reorganization plans, it has taken some money and that stuff is just a little hard to get but it is rolling in now and we will be able to go without more delay. As you suggested we will have a receiver appointed and then form a new company to take over the old and after the new company is formed I am confident that things will .hum, because the capital is assured, if it wasn't I don't believe I would go ahead, but since it is waiting I feel that we should see if that claim won't make some money for all of us.

"The enclosed paper is for your signature and if o.k. which I think it is, will appreciate your signing and returning as soon as possible, am writing this during office hours, so please excuse the haste, will write you from time to time as to progress and anything you want to know, just drop a line. ·

"Yours truly,
"J. M. Devereux"

"Paonia Colo. April 6th, 1934.

"Dr. James Devereux;
"El Dorado, Kansas.

"Dear Sir: Enclosed the summons properly signed before a notary, was delayed a few days as wanted to get

Tays idea as he is interested as much as I am, so he is agreeable to the reorganization plan.

"Now then Dr. I wished you would give me full details at once as too your plans of reorganizing. How long will this take in that state,?, and wont we have to have a meeting and elect all new officers,?,

"I hope we can get things going soon and line up with the Lead King people on their mill, which is going to be put in shape to run this spring. Metal mining looks better than it ever has for this section, of the country.

"What is Miller dooing is he still their,?, Do you ever see Mr. Schafer, well Dr give me a line up and full details so I will know what is going on,

"Very truly yours,

"Guy C. Sperry. Paonio, Colo."

The paper mentioned in this correspondence which Sperry was requested to sign, and did sign, thinking that it was a part of the plan to reorganize the company, was a waiver of summons in a Kansas case asking for the dissolution of the company; the petition in the case (copy of which was not sent to Sperry) alleging inter alia: "That the defendant Guy C. Sperry has some claim against the said corporation the amount of which is unknown to this plaintiff, but which claim is improper, groundless and without consideration."

The action in the Kansas court came on for hearing with no further notice to Sperry, and judgment was taken against him, which in part is as follows: "It is further ordered that defendant, Guy C. Sperry be barred from any and all claims of any kind or nature whatsoever against the defendant, The Consolidated Metals Mining Company, or its property, and that he deliver to the receiver, or to the order of the receiver herein appointed, any and all property which he may have in his possession which belongs to the defendant, The Consolidated Metals Mining Company." A receiver was appointed, who, without notice, sold all of the company's property, including the machinery here involved, to "J. M. Devereux,

as trustee for himself, Edward Schafer and Eben Miller Jr.," and it was not until these men sent some one to Colorado to take possession, that Sperry knew what had happened.

Upon becoming aware of the situation, Sperry brought this attachment action. When the proceedings in Kansas were pleaded as res judicata, Sperry raised the question of fraud, which we consider the vital issue in this case. Whether or not it is available in this proceeding against a judgment of a court of a sister state is the principal question presented for determination.

■■ As a preface, we agree with the trial court that fraud in the procurement of Sperry's waiver of summons was established. The law applicable is well stated by the Supreme Court of Kansas in the case of *Abercrombie v. Abercrombie*, 64 Kan. 29, 35, 67 Pac. 539, 541, as follows:

"The jurisdiction of the Colorado court over the defendant having been obtained fraudulently by the plaintiff, it would be an anomaly in the law for this court to assist her in reaping the fruit of her fraudulent conduct. It has long been a rule of this court that, where jurisdiction of a defendant has been obtained by fraud or wrong, he may appear in the action, showing such fraud, and the court will always grant relief. If this is true, can there be any well-defined distinction between permitting him to appear in the original action to show the fraud and in allowing him to set up such fraud in an action brought upon a judgment rendered in a case where jurisdiction of the defendant was obtained by fraud? Can a valid lawful act be accomplished by an unlawful means? * * *

"The fact that the judgment sued on in this case is the judgment of a sister state can make no difference. It is only when jurisdiction is admitted that full faith and credit should be given to the judgments of a sister state. That the judgment of a sister state may be attacked collaterally on the ground that jurisdiction was obtained fraudulently is supported by many authorities."

The wholesome and righteous doctrine of comity should never be used in aid of perpetration of fraud, and to say that the Kansas court was imposed upon in this instance is expressing it mildly, to say the least.

We, therefore, hold that the Kansas court never acquired jurisdiction of the property in Colorado, or of Sperry, and that Sperry's attachment was good. Though his proof of claim for services was not very definitely established, we concur in the trial court's holding that, as between him and the plaintiffs in error, who do not come with clean hands, he is entitled to prevail.

The disposition of the case on basis of the fraud, renders unnecessary any consideration of the effectiveness of the attempted dissolution of the corporation in Kansas so as to constitute it incapable of being sued. For the purposes of this action, service by publication upon it was sufficient to give the trial court jurisdiction to support the attachment on the property located within the county. We deem it unnecessary to consider the other points sought to be raised.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.